**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| MY HEALTH, INC., | Civil Action No. |
| Plaintiff, | |
| v. | |
| DEVILBISS HEALTHCARE, LLC, | **(JURY TRIAL DEMANDED)** |
| Defendant. | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, My Health, Inc. ("*My Health*" or "*Plaintiff*"), by and through its attorneys, makes and files this Complaint against Defendant DeVilbiss Healthcare, LLC d/b/a DeVilbiss Healthcare Inc. ("*DeVilbiss,*" or "*Defendant*").  In support of this Complaint, Plaintiff alleges and complains as follows:

### PARTIES

1.      My Health is a Delaware corporation having its registered agent and principal place of business in the Eastern District of Texas.

2.      All right, title, and interest in and to the Patent, including the right to sue for all past and present infringement damages, was assigned by the University of Rochester to My Health.

3.      Michael E. Eiffert M.D. ("*Dr. Eiffert*"), the CEO of My Health and an inventor of United States Patent No. 6,612,985 entitled "Method and system for monitoring and treating a patient" (the "*'985 Patent*").

4.      Upon information and belief, DeVilbiss Healthcare, LLC is a corporation organized under the laws of the state of Delaware, with its principal place of business located at 100 DeVilbiss Drive, Somerset, Pennsylvania 15501.

5.      Upon information and belief, DeVilbiss has sold, currently sells, and offers for sale the Accused Products and other infringing products through the stream of commerce in retail stores and other outlets within this jurisdiction.

6.      DeVilbiss has not been granted a license or any other rights to the '985 Patent.

7.      On information and belief, DeVilbiss has generated significant sales of products incorporating the Plaintiff's technology, easily exposing DeVilbiss to significant liability for its infringement of the '985 Patent.

SUMMARY OF THE CASE

8.      While affiliated with the University of Rochester, Dr. Eiffert and Lisa C. Schwartz invented a unique technology that assists healthcare providers in monitoring and treating patients.  Consequently, on September 2, 2003, the University of Rochester was awarded the '985 Patent, which was later assigned to My Health.

9.      My Health is an early stage company, fostering medical technologies through the proof of concept stage for larger, more established entities.

10.     My Health focuses on serving as a pipeline for new technologies, assisting scientists and engineers in bringing their ideas to fruition and, ultimately, to companies with the expertise to market on a global scale.

11.     My Health's technology and business platform also enables health care practitioners to automate certain tasks such as branding staffing, human resource management,

payroll, retirement planning, marketing and practice development, and revenue cycle management.

12.     My Health offers licenses of the '985 Patent to health care and technology companies and has currently granted more than 40 licenses to leaders in these industries.

13.     DeVilbiss Healthcare designs, manufactures, and markets respiratory medical products that are manufactured primarily in the United States. With subsidiaries located in Canada, Germany, France, Australia, the United Kingdom and China, DeVilbiss products are distributed in more than 100 countries around the world.

14.     DeVilbiss engaged in and continues to engage in willful and knowing patent infringement because it has actual knowledge of the patent at least as early as June 2014 when My Health's licensing agent contacted DeVilbiss and provided it with a copy of the patent and a preliminary claim chart, and yet continues to practice the technology covered under the '985 Patent.

15.     It is believed that DeVilbiss has generated significant sales of products incorporating the Plaintiff's technology, easily exposing DeVilbiss to significant liability for its infringement of the '985 Patent.

### JURISDICTION AND VENUE

16.     This is a claim for patent infringement that arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*., including 35 U.S.C. § 271.

17.     This Court has exclusive subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338, and applicable principles of supplemental jurisdiction.

18.     Defendant is subject to personal jurisdiction in the state of Texas (this "*State*") and this judicial district consistent with the principles of due process because it transacts business, contracts to supply goods or services in this judicial district, and has otherwise purposefully availed itself of the privileges and benefits of the laws of Texas and is therefore subject to the jurisdiction of this Court.

19.     Upon information and belief, Defendant distributes its products through established channels of commerce in this judicial district to dozens of retail outlets and healthcare facilities, including but not limited to the following facilities: Pine Hill Nursing and Rehabilitation in Jefferson, Texas; Lincare-Longview in Longview, Texas; Med Shop Medical Depot in Longview, TX; Aerocare in Longview, TX; Hospice Source, LLC in Longview, TX; Pine Tree Lodge Nursing Center Longview, TX; Willow SNF LLC in Kilgore, TX; BT Medical in Sulphur Springs, TX; Aerocare Holdings-Edge Medial-Sulphur Springs, TX; Lincare, Inc.-Quitman in Quitman, TX; Apria Healthcare in Greenville, TX; Park Haven Nursing and Rehabilitation in Greenville, TX; JMS Home Medical in Mineola, TX; Honey Grove Nursing Center in Honey Grove, TX; Hospice Source LLC in Plano, TX; Scooters & More in Plano, TX; Affordable Medical Supplies in Plano, TX; Affordable Medical Supplies in Plano, TX; Baylor Medical Center in Plano, TX; Incare Technology in Richardson, TX; Neals Repair Service in Plano, TX; Am Home Diagnostics in Richardson, TX; and Healthline in Richardson, TX.

20.     Defendant employs and solicits employment of residents of this State who work in this state as medical sales representatives, offering for sale the Accused Products in this State and this judicial district.

21.     Upon information and belief, Defendant places products for sale online and in stores to be used, shipped, and sold in this State and this judicial district.

22.     Defendant sells and advertises its products for sale to Eastern District of Texas residents at least at the following online sites: https://www.devilbisshealthcare.com, www.drivemedical.com, and http://www.vitalitymedical.com/devilbiss.html.

23.     Upon information and belief, Defendant solicits the involvement of Texas residents in support of clinical trials that help further advance and support its business. Dr. Leon Rosenthal served as Principal Investigator to a DeVilbiss Healthcare LLC-sponsored study on the use of DeVilbiss products on patients with sleep apnea. Upon information and belief, Rosenthal resides and/or works in the Eastern District of Texas at the Sleep Medicine Associates of Texas, which maintains offices at 4708 Alliance Boulevard, Pavilion 1 Professional Building, Suite 725, Plano, Texas 75093 and 5477 Glen Lakes Drive, Suite 100, Dallas, Texas 75231. Results and details of the sleep apnea study can be found at the following government website: https://clinicaltrials.gov/ct2/show/NCT01203956.

24.     Upon information and belief, Defendant also places the Accused Products in the stream of commerce with the expectation that they will be bought and sold in this judicial district.

25.     Defendant has offered and continues to offer its products for sale in this State, has transacted business and continues to transact business in this State, has committed and/or induced acts of patent infringement in this State, and/or has placed infringing products into the stream of commerce through established distribution channels with the expectation that such products will be purchased by residents of this State.

26.     Such Accused Products has been offered for sale and sold in this State and in this judicial district through various outlets.

27.     Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400 because DeVilbiss has done business, has infringed, and continues to infringe the '985 Patent within this District as stated more fully above, and this action arises from transactions of that business and that infringement.

**FIRST CLAIM FOR RELIEF**

**INFRINGEMENT OF U.S. PATENT NO. 6,612,985**

28.     The '985 Patent, a copy of which is attached hereto as **Exhibit A**, is entitled "Method and System for Monitoring and Treating a Patient" and was duly and legally issued by the United States Patent and Trademark Office. My Health is the owner of all right, title and interest in and to the '985 Patent, including standing to sue and recover all past, present, and future damages for infringement of the '985 Patent.

29.     My Health has complied with the provisions of 35 U.S.C. § 287.

30.     Upon information and belief, Defendant, either alone or in conjunction with others, has infringed and continues to infringe, contribute to infringement, and/or induce infringement of the '985 Patent by making, using, selling, and/or offering to sell, and/or causing others to use, methods and systems, including, but not limited to the DeVilbiss Healthcare Sleep Cube Models and Smart Link (the "*Accused Product*"), which infringes one or more claims of the of the '985 Patent, including, but not limited to claims 1, 4, and 7 of the '985 Patent.

31.     By way of example and not as a limitation, Defendant's Accused Product conducts each and every element of the '985 patent's method claims 1 by:

6

a.  Determining a current assessment of one or more diagnosed conditions in a patient based on data about each of the diagnosed conditions from the patient who is at a remote location and on one or more assessment guidelines for each of the diagnosed conditions through its remote monitoring and assessment of a patient's sleep and breathing activities;

b.  Updating an existing treatment plan for each of the diagnosed conditions based on the existing treatment plan, the current assessment, and on one or more treatment guidelines for each of the diagnosed conditions to generate an updated treatment plan for each of the diagnosed conditions through its "autoadjusting algorithm that responds to apnoeas, hypopnoeas, and snoring to deliver the most effective therapy whilst sleeping," according to Defendant's website;

c.  Reviewing the updated treatment plan for each of the diagnosed conditions through its "comprehensive therapy management system for monitoring and recording CPAP usage and evaluating the effectiveness of CPAP therapy," according to Defendant's website;

d.  Determining if one or more changes are needed to the reviewed treatment plan for each of the diagnosed conditions through (i) sensing if the patient is breathing in or out and varying its pressure level accordingly, and (ii) upon detection of a sleep event, automatically adjusting pressure "to deliver the best possible treatment during sleep"

e.  Changing the reviewed treatment plan if the one or more changes are determined to be needed by autoadjusting pressure and other aspects of the treatment plan upon detection of a sleep event as indicated above;

f.  Providing the patient with the reviewed treatment plan for each of the diagnosed conditions through its communication system that provides patient information such as pressure, leak rate, patient breathing parameters such as respiratory rate, I/E ration, minute volume and tidal volume; and

g.  Generating and providing compliance data based on the updated treatment plan and the reviewed treatment plan for each of the diagnosed conditions through its platform that "provides insightful data that can be used to determine the patients' compliance" and provides "all the parameters to optimize patient therapy management," including patient, platform, and physician compliance.

32.  Defendant is liable for infringement of one or more claims of the '985 Patent, including, but not limited to claims 1, 4, and 7, pursuant to 35 U.S.C. § 271 as set forth therein and incorporated by this reference, by making, using, selling, offering for sale, and/or importing the Accused Products.

33.  Defendant is liable for indirect infringement of the '985 Patent by inducing and/or contributing to direct infringement of the '985 Patent committed by end users of the Accused Products.

34.  From at least as early as June 2014, when DeVilbiss was given actual notice of the '985 Patent, DeVilbiss induced infringement because it knew, or should have known, that its

acts would cause patent infringement, and it acted with intent to encourage direct infringement by its users.

35.     At least as early as June 2014, DeVilbiss contributed to direct infringement by its end users by knowing that its Accused Products and methods would be implemented by its end users; that its methods, components, system and Accused Products were especially made or especially adapted for a combination covered by one or more claims of the '985 Patent; that there are no substantial non-infringing uses; and the Accused Products is a material part of the infringement.

36.     DeVilbiss has knowledge of the '985 Patent and is infringing despite such knowledge. The infringement has been and continues to be willful and deliberate.

37.     DeVilbiss's acts of infringement have damaged Plaintiff, and Plaintiff is entitled to recover from DeVilbiss the damages sustained as a result of DeVilbiss's wrongful acts in an amount subject to proof at trial, but in no event less than a reasonable royalty.

38.     DeVilbiss's infringing activities have injured and will continue to injure Plaintiff unless and until this Court enters an injunction prohibiting further infringement of the '985 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that, after a trial, the Court enter judgment against Defendant as follows:

A.     An entry of final judgment in favor of Plaintiff and against Defendant;

B.     An award of damages adequate to compensate Plaintiff for the infringement that has occurred, but in no event less than a reasonable royalty as permitted by 35

U.S.C. § 284, together with prejudgment interest from the date the infringement began;

C.     An injunction permanently prohibiting Defendant and all persons in active concert or participation with any of them from further acts of infringement of '985 Patent;

D.     Treble damages as provided for under 35 U.S.C § 284 in view of the knowing, willful, and intentional nature of Defendant's acts;

E.     Awarding Plaintiff its costs and expenses of this litigation, including its reasonable attorneys' fees and disbursements, pursuant to 35 U.S.C. § 285; and

F.     Such other further relief that Plaintiff is entitled to under the law, and any other and further relief that this Court or a jury may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all claims and issues so triable.

Respectfully Submitted,

Dated: May 20, 2016          By: */s/ Elizabeth L. DeRieux*
                                  Joseph G. Pia
                                  joe.pia@padrm.com
                                  Texas Bar No. 24093854
                                  Robert Aycock (Admitted in this District)
                                  Utah State Bar No. 8878
                                  raycock@padrm.com
                                  Sara Payne (Admitted in this District)
                                  Utah State Bar No. 14008
                                  spayne@padrm.com
                                  PIA ANDERSON DORIUS REYNARD & MOSS
                                  222 South Main Street, Suite 1830
                                  Salt Lake City, Utah 84101
                                  Telephone: (801) 350-9000
                                  Facsimile: (801) 350-9010

                                  Elizabeth L. DeRieux
                                  State Bar No. 05770585

ederieux@capshawlaw.com
CAPSHAW DERIEUX, L.L.P.
114 East Commerce Avenue
Gladewater, Texas 75647
Telephone: (903) 845-5770

*Attorneys for Plaintiff*